Filed 5/14/24  In re C.C. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re C.C., a Person Coming Under the Juvenile Court Law. | B332870 (Los Angeles County Super. Ct. No. 22CCJP00486) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Plaintiff and Respondent, v. D.E., Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kristen Byrdsong, Judge, Pro Tempore. Conditionally reversed and remanded.

Jesse McGowan, under appointment by the Court of Appeal, for Defendant and Appellant.

Children's Law Center 3, Sarah Liebowitz, for Minor C.C.

Dawyn R. Harrison, County Counsel, and Kim Nemoy, Assistant County Counsel, and William D. Thetford, Deputy County Counsel for Plaintiff and Respondent.

D.E. (mother) appeals from the juvenile court's order terminating parental rights to her child C.C.[1] pursuant to Welfare and Institutions Code section 366.26.[2] Mother contends the court and the Los Angeles County Department of Children and Family Services (Department) failed to satisfy their initial inquiry duties under the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (§ 224 et seq.).

No interested party filed a respondent's brief; instead, counsel for mother, the child, and the Department filed a joint application and stipulation for conditional reversal and remand with directions to the Department and the court to conduct a proper initial inquiry and, if necessary, further inquiry and notice pursuant to ICWA and related California statutes.

This case involves reversible error because the parties agree, and we concur, there was noncompliance with the initial inquiry requirements of ICWA and related California provisions.

---

[1]     Mother's appeal does not concern her other children, J.M.L. and J.C.L. Father (Charles C.), whose parental rights the court also terminated, is not a party to this appeal.

[2]     All further statutory references are to the Welfare and Institutions Code unless otherwise stated.

(*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) That is, the Department failed to inquire of known maternal relatives, for instance maternal aunt Deshawn E. and maternal cousin Ibreanna O., whether the child was or might be an Indian child even though the Department had contact with these family members.

The parties also agree, and we concur, that (1) there is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the conditional reversal and remand; and (2) the parties' reasons for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement. (Code Civ. Proc., § 128, subd. (a)(8).)

## DISPOSITION

The juvenile court's order terminating mother's parental rights under section 366.26 is conditionally reversed and remanded for proceedings required by this opinion. On remand, the court shall order the Department to make reasonable efforts to interview available extended maternal relatives about the possibility of the child's Indian ancestry and to report on the results of the Department's investigation. Nothing in this disposition precludes the court from ordering additional inquiry of others having an interest in the child. Based on the information reported, if the court determines, at a noticed hearing with counsel for mother reappointed, that no additional inquiry or notice to tribes is necessary, the order terminating mother's parental rights shall be reinstated. If additional inquiry

or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

MOOR, Acting P. J.

LEE, J.*

---

* Judge of the San Bernardino County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.